Michael J. Kapaun, WSBA # 36864
Steven J. Dixson, WSBA # 38101
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone:  (509) 624-5265
Facsimile:   (509) 458-2728
mjk@witherspoonkelley.com
sjd@witherspoonkelley.com
*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., as Trustee For Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3*

**Hon. Ricardo S. Martinez**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRETT DIFFLEY, an unmarried man,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a foreign corporation, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation, WELLS FARGO BANK, N.A., as Trustee For Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3,<br><br>Defendants. | Case No. 2:17-cv-01370-RSM<br><br>MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS NATIONSTAR MORTGAGE LLC AND WELLS FARGO BANK N.A., AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, SERIES 2007-3 |

## I.  **INTRODUCTION**

In a thinly-veiled attempt to avoid a foreclosure resulting from  his considerable default under the terms of his mortgage, Plaintiff Brett Diffley ("Plaintiff") brings his Complaint against Defendants Nationstar Mortgage, LLC ("Nationstar") and Wells Fargo Bank, N.A. as trustee for Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3 ("Wells Fargo") (collectively, "Defendants").  Plaintiff does not dispute that he has not made payments on his loan since 2010.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 1

Plaintiff does not deny that he has not paid property taxes or insurance premiums for the property in years, leading to a delinquent escrow balance of over $64,000. Instead, Plaintiff contends that certain loan and escrow statements were not delivered to Plaintiff when Nationstar took over servicing of the loan in January 2014 and that Nationstar failed to respond to a request for information sent in August of this year. Plaintiff further contends that Nationstar erred by obtaining an insurance policy to protect the property during the period when Plaintiff was paying neither his mortgage nor his insurance premiums. Plaintiff argues that Nationstar and Wells Fargo wrongly applied attorneys' fees to his loan account for foreclosure activities, essentially arguing that attorneys are not part of the nonjudicial foreclosure process.

On these allegations, Plaintiff asserts claims for negligence and various federal and state statutory violations and demands money damages. None of these claims present a viable basis for the monetary award Plaintiff seeks.

- o Plaintiff's claims brought under the Real Estate Settlement Procedures Act ("RESPA") fail because they are either premature or time barred, and for the additional reason that Plaintiff cannot articulate violative conduct.
- o Plaintiff cannot obtain damages under the Fair Debt Collection Practices Act ("FDCPA"), because Defendants are not debt collectors and foreclosure is not debt collection.
- o Defendants did not violate the Deed of Trust Act ("DTA") by applying foreclosure expenses to the loan balance, because both the DTA and the underlying loan terms allow the lender to recoup these expenses. Moreover, it defies logic to suggest that these fees cannot be described as "attorneys' fees" in loan statements where the foreclosure process, whether occurring inside a courtroom or through a trustee procedure, is most definitely a legal process carried out with the advice and assistance of attorneys.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 2

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

- Plaintiff's negligence claim fails because Plaintiff cannot articulate a duty or breach resulting in damage.
- Plaintiff's derivative Consumer Protection Act ("CPA") claim does not articulate a deceptive act or resulting injury.

For these reasons and as discussed below, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A. The Loan and Default

On or about January 23, 2007, Plaintiff obtained a loan for $549,000 (the "Loan") to finance real property located at 29288 218th Place SE, Black Diamond, King County, Washington 98010 (the "Property"); the Loan was secured to the Property by a deed of trust ("DOT"). *See* Compl. Exhibit K (DOT). The DOT identifies Plaintiff as the Borrower and First Independent Mortgage Company as the Lender. *Id.* The DOT was subsequently assigned to Wells Fargo, as reflected in a Corrective Assignment of Deed of Trust recorded on January 5, 2016, in King County, Washington, Instrument Number 20160105000317. *See* Declaration of Michael Kapaun ("Kapaun Decl."), Exhibit 1 (Corrective Assignment of Deed of Trust).

Plaintiff avers that Nationstar is the current servicer of the Loan, having commenced servicing effective January 10, 2014, after the Loan had been declared in default. *See* Compl. ¶¶ 1-2, 31, 42. Pursuant to the Exhibits attached to the Complaint, the current undisputed principal balance of the Loan is $571,345.15, and there is a negative escrow balance of at least $64,363.97, as well as delinquent interest in excess of $260,000.00. *See Id.* Exhibits E and F. Plaintiff does not appear to dispute that he has not made any payments on the Loan since June 2010. *See Id.* Exhibit A.

On or about March 22, 2016, Nationstar, as attorney-in-fact for Wells Fargo, appointed Quality Loan Service Corporation of Washington ("QLS") as the successor trustee under the DOT.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 3

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

Kapaun Decl. Exhibit 2 (Appointment of Successor Trustee). On May 23, 2017, QLS recorded a Notice of Trustee's Sale, scheduling a sale of the Property for September 29, 2017. Kapaun Decl. Exhibit 3 (Notice of Trustee's Sale).

B. **The Instant Litigation**

Plaintiff filed the instant lawsuit on September 11, 2017. *See generally,* Compl. Plaintiff's first cause of action alleges violations of RESPA. Plaintiff focuses his allegations on Nationstar claiming that Nationstar on-boarded incorrect Loan information, failed to provide escrow statements required under RESPA, and did not respond to his RFI and NOE regarding fees for property inspection and preservation, attorneys' fees and force-placed insurance. *See Id.* ¶¶ 37-47. The second cause of action alleges again that Nationstar failed to respond to Plaintiff's RFI and NOE letters in violation of RESPA. *Id.* ¶¶ 48- 50. Plaintiff brings his third and fourth causes of action for violations of FDCPA Sections 807 and 808 alleging that Nationstar engaged in unfair collection practices and represented to others that Plaintiff owed certain monies, while relying on "inaccurate or incomplete information from the prior servicer" and purportedly disputed fees assessed to the Loan. *Id.* ¶¶ 51-60. In his fifth cause of action for violation of the Washington Consumer Protection Act ("CPA"), Plaintiff alleges that Nationstar's actions, in relying on "incomplete or incorrect information from the prior servicer", actions with regard to servicing, modification applications and conduct in the non-judicial foreclosure and imposition of "legal fees" and property inspections fees, caused a "gross inflation" of the amount due on the Loan and were unfair or deceptive practices. *Id.* ¶¶ 61-66. In the sixth cause of action, Plaintiff accuses Wells Fargo of breaching the DOT, the same DOT upon which Plaintiff defaulted, by assessing "legal fees" for the foreclosure costs such as title charges, filing fees and trustee fees specifically referenced in and authorized by the DOT. *Id.* ¶¶ 66-72, Exhibit K. In his seventh and ninth causes of action, Plaintiff alleges that Nationstar and Wells Fargo breached a duty of care "generally

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 4

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

prescribed by RESPA" in servicing the Loan and seeks damages under the theory of negligence. *Id.*
¶¶ 73-77, 82-83.[1]

### III. EVIDENCE RELIED UPON

This Motion to Dismiss relies upon the allegations of the Complaint, the exhibits attached to the Complaint and the undisputed recorded documents of which the Court may take judicial notice.[2]

### IV. ISSUE PRESENTED

Whether Plaintiff's Complaint fails to state a claim upon which relief can be granted warranting its dismissal with prejudice.

### V. ARGUMENT

**A. Legal Standard.**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] is entitled to relief' . . . to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure ("Fed.R.C.P.") 12(b)(6).

While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, if accepted as true, state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] The remainder of the causes of action, i.e. the eighth and tenth relate solely to QLS and will not be addressed herein. *Id.* ¶¶ 78-81, 84-94.

[2] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the plaintiffs' claim"); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

*Twombly*, 550 U.S. at 570 (2007)). However, when a plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' '" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Iqbal*, 556 U.S. at 682. Therefore, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide more than just "labels and conclusions"; rather, they must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 679. In addition, where it is clear amendment would be futile, the court may dismiss the complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

Here, as discussed below, Plaintiff has not "nudged" their claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (*citing Twombly*, 550 U.S. at 570). Accordingly, Plaintiff's claims should be dismissed.

**B.** **Plaintiff's Allegations Under Regulation X of RESPA Fail Because Plaintiff Has No Right to Maintain Such an Action Under RESPA for Those Allegations.**

In his first cause of action, Plaintiff alleges violations of RESPA by Nationstar alleging that: (1) when Nationstar took over servicing of the Loan, it changed the monthly payment triggering a requirement to provide Plaintiff with an initial account statement in violation of 24 C.F.R §

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 6

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

3500.17(e)(1); (2) Nationstar failed to conduct an annual escrow analysis and provide a copy within thirty (30) days in violation of 12 C.F.R. § 1024.17(c)(3); and (3) Nationstar failed to provide annual escrow account statements for years in violation of 12 C.F.R § 1024.17(i). Compl. ¶¶ 41-43. Plaintiff's allegations fail as a matter of law.

### 1. RESPA Exempts Escrow Statements for Loans in Default.

In alleging error by Nationstar in not providing an escrow statement, Plaintiff relies on the requirements outlined in the regulations without fully acknowledging the applicable language. In particular, according to the last sentence of 12 C.F.R. § 1024.17(c)(3), an escrow analysis must be submitted to a borrower *subject to* the terms of § 1024.17(i). Thus, all of the three requirements cited by Plaintiff that Nationstar purportedly failed to fulfill are subject to 12 C.F.R. §1024.17(i).[3] Paragraph (2) of that regulation states "If at the time the servicer conducts the escrow account analysis the borrower is more than 30 days overdue, then the servicer is exempt from the requirements of submitting an annual escrow account statement to the borrower under § 1024.17(i)."

Plaintiff alleges that Nationstar commenced servicing the Loan on January 10, 2014, when the Loan had indisputably been in default for nearly four years. *See* Compl. ¶ 42, Exhibits A, E, F. Nationstar was exempt from providing such statements and all allegations that Nationstar violated 24 C.F.R § 3500.17(e)(1); 12 C.F.R. § 1024.17(c)(3) and 12 C.F.R § 1024.17(i) in the first cause of action should be dismissed.

### 2. Plaintiff Cannot Articulate Error by Nationstar in Insuring the Property.

Plaintiff claims that Nationstar "upon information and belief" subjected him to force-placed insurance and failed to give him proper notice thereof. Compl. ¶¶ 20, 47. Plaintiff's allegations in this regard are nonsensical and do not identify wrongdoing. To begin, Plaintiff had indisputably

---

[3] Plaintiff refers to 24 C.F.R § 3500.17(e)(1), but that section has been removed from the Code of Federal Regulations. The text quoted by Plaintiff is encompassed in 12 C.F.R § 1024.17(i) so Defendants address that section instead.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 7

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

been delinquent on his mortgage payments since 2010. *See* Compl. Exhibit A. By August 2017, Nationstar and the prior Loan servicer(s)/lender had made over $64,000 in escrow advances in order to keep the taxes paid and the Property insured. *See* Compl. Exhibit E. The DOT Plaintiff executed specifically authorizes the lender to protect the collateral by paying taxes or obtaining hazard insurance when the borrower fails to meet his obligations in that regard. Compl., Ex. K at § 5. Here, Plaintiff has not made a mortgage payment in seven years. He does not offer facts demonstrating that his failure to make his mortgage payment did not also extend to taxes and insurance. Indeed, the Exhibits attached to his Complaint evidence that Plaintiff did not pay these items and left his lender and Loan servicer(s) to protect the collateral. Plaintiff cannot now claim error by Nationstar in insuring the Property.

### 3. Several Allegations for Alleged Violations of RESPA are Untimely.

Plaintiff's RESPA claims fail for the additional reason that they are untimely. RESPA claims are subject to a three-year statute of limitations. 12 U.S.C. §2614 (providing that any action alleging a violation of 12 U.S.C. §2605 must be commenced within three years).

Here, Plaintiff alleges that Nationstar took over servicing on January 10, 2014. Compl. ¶ 42. Noticeably, Plaintiff provided only May, July and August 2017 statements, rather than older ones.[4] Yet Plaintiff did not commence this lawsuit alleging that Nationstar incorrectly on-boarded the Loan until September 2017, over three years after his alleged cause of action accrued. Accordingly, all of the allegations referring to the transfer of information to the new Loan servicer, including purported errors with on-boarding the Loan, and the initial escrow account statement, were not brought within the three year statute of limitations. To the extent Plaintiff attempts to extract damages over these events and the imposition of these fees, his claim is barred.

---

[4] The complaint alleges that the August periodic statement is attached as Exhibit E to compare to the QLS payoff statement. However, rather than the August periodic statement, the Nationstar payoff statement is attached as Exhibit E. Exhibit F is labeled as the QLS payoff statement for comparison with the July and August 2017 periodic statements, but the May periodic statement is attached instead of the August 2017 periodic statement. A copy of the August 2017 periodic statement is an attachment to a letter provided as Exhibit J.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 8

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

### 4. The Remaining Claims in the First Cause of Action Are Duplicative.

The remaining allegations that Nationstar allegedly failed to provide information preventing Plaintiff from paying off the Loan are duplicative of the allegations in the second cause of action. *Compl. ¶¶ 45-47.* These allegations fail to demonstrate a viable cause of action for the reasons discussed herein. *See infra,* Section C.

### C. Plaintiff's Second Cause of Action Is Premature and Should Be Dismissed.

Plaintiff's second cause of action, also for violation of RESPA, alleges that Nationstar refused to respond to Plaintiff's RFI and NOE dated August 11, 2017, in violation of 12 C.F.R §1024.35 and §1024.36. *Compl. ¶¶ 49-50.*[5] Plaintiff's claims should be dismissed as premature.

12 U.S.C. §2605 states that a lender will promptly take action to respond to a borrower, but does not proscribe the time limits. Those time limits are set forth in 12 C.F.R. § 1024.35(e)(3)(c) and 12 C.F.R. § 1024.36(d)(2)(B), which state that the lender shall reply "not later than 30 days (**excluding** legal public holidays, Saturdays, and Sundays) after the servicer **receives**" the applicable notice. Though the Complaint fails to attach or reference any date of receipt of the notices, it is clear that Nationstar could not have received them prior to August 11, 2017, the alleged date of mailing. *See Compl. 49-50, Exhibit G.* Even if we assume for the sake of argument that Nationstar received the request via personal service on the date of the request, August 11, Nationstar would not have been required to respond to the request until September 25, 2017 (after excluding weekends and holidays). Plaintiff commenced this lawsuit alleging that Nationstar failed to respond within the applicable time limits on September 11, 2017, two weeks *prior* to the time to respond had even expired.

It is axiomatic that Plaintiff cannot file a lawsuit alleging that Defendant has failed to timely respond prior to the expiration of the time Defendant has to respond. Clearly Nationstar, as of the

---

[5] The first cause of action similarly alleges that Nationstar's "continued refusal to provide Plaintiff with information about his Loan and to correct the identified errors" violated 12 U.S.C. §2605.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 9

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

date of the Complaint, was not in violation of either 12 C.F.R. § 1024.35(e)(3)(c) or 12 C.F.R. § 1024.36(d)(2)(B) as a matter of law . Moreover Nationstar had not "failed" or "refused" to provide information under 12 U.S.C. §2605, because Nationstar had the right to respond within 30 business days **after receipt**. The second cause of action and all allegations regarding Nationstar's purported failure to respond to the NOE or RFI (including those allegations contained in the first cause of action) should be dismissed.

D.   **Plaintiff's Third and Fourth Claims for Violation of Fair Debt Collection Practices Act Fail Because Nationstar Is Not a Debt Collector and Foreclosure is Not Debt Collection Subject to the Fair Debt Collection Practices Act.**

In support of his third and fourth claims, Plaintiff alleges that Nationstar has violated the FDCPA, specifically §808, by engaging in unfair or unconscionable means to collect a debt and §807 by representing that Plaintiff owed a debt. *See Compl. ¶¶ 51-60.* Plaintiff's claims fail because Nationstar is not a "debt collector" and the claim lacks an act of "debt collection."

To state a claim for violation of the FDCPA, "a plaintiff must show: …(3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6)." *Ananiev v. Aurora Loan Services, LLC*, 2012 WL 2838689 *3 (N.D. Cal. Jul. 10, 2012) (citing *Creighton v. Emporia Credit Serv., Inc.*, 981 F.Supp. 411, 414 (E.D. Va. 1997)). Instantly, Plaintiff cannot meet this critical requirement. The FDCPA's definition of a debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ Servicing*, 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009). On June 12, 2017, the U.S. Supreme Court issued its opinion in *Henson v. Santander Consumer USA, Inc.*, 137 S.Ct. 1718, 198 L. Ed. 2d 177 (2017), settling a split within the Circuit Courts regarding what entities may be defined as a debt collector. Specifically, the Court held that a company collecting debts that it purchased for its own account does not trigger the statutory definition of a debt collector pursuant to the Fair Debt Collection Practices Act ("FDCPA") even if the debt was in default at the time it was purchased. *Id.* at 1724. Here, Wells Fargo cannot be said

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 10

WK **WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

to be a "debt collector" for a debt it owns and that extends to Nationstar as its mortgage servicing company.

Further, the FDCPA does not apply to foreclosure activities. "[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA[.]" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (quoting *Ines v. Countrywide Home Loans*, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)). District Courts in the Ninth Circuit have consistently found that lenders and trustees that engaged in foreclosure are not "debt collectors" under 15 U.S.C. § 1692a(6) because they are not seeking to collect money; instead, they are seeking to enforce a secured interest (the Deed of Trust) to gain property. *See Miller v. NW Trustee Servs., Inc.*, 2005 WL 1711131, at *3 (E.D. Wash. 2005) (citing *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("foreclosing on a trust deed is distinct from the collection of the obligation to pay money. …Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property")); *Fong v. Prof'l Foreclosure Corp.*, 2005 WL 3134059, at *2 (W.D. Wash. 2005) ("foreclosing on a deed of trust enforces an interest in property, not a consumer's obligation to pay money") (citing cases). The court in *Hulse* summarized this reasoning as follows: "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path." *Hulse*, 195 F. Supp. 2d at 1204. Because Plaintiff has not alleged that Defendants have engaged in any wrongdoing wherein liability lies for violation of the FDCPA, Plaintiff's FDCPA causes of action should be dismissed as a matter of law with prejudice.

**E.** **Plaintiff's Failures with Regard to the Allegations in His Other Causes of Action, Necessitate Dismissal of the Derivative Fifth Cause of Action.**

The fifth cause of action seeks damages under the Washington Consumer Protection Act [the "CPA"] based upon vague allegations regarding "mortgage loan servicing, default servicing, offers and processing of loan modification applications and conduct of nonjudicial foreclosure."

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 11

**WK** **WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

*See* Compl. ¶¶ 63. Plaintiff does not plead distinct allegations of error, but rather, relies upon alleged errors supporting his RESPA, FDCPA and DTA claims. His claim fails for the reasons those claims fail and for the additional reason that he has not satisfied the elements of a CPA claim.

In order to prevail on a CPA claim, a plaintiff must demonstrate: (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 785 (1986). The failure to establish even one of these elements is fatal to a plaintiff's claim. *Id*. at 793. Whether a defendant's conduct is an unfair or deceptive act or practice is a question of law. *Micro Enhancement Intern., Inc. v. Coopers & Lybrand, LLP*, 110 Wash. App. 412, 438 (2002). An unfair or deceptive act or practice requires the plaintiff to prove that the act "had the capacity to deceive a substantial portion of the public." *Burns v. McClinton*, 135 Wash. App. 285, 302-03 (2006).

The instant claim for alleged violation of the CPA rests, as it must, on the allegations of underlying wrongdoing by Defendants. Plaintiff attempts to fabricate this lawsuit and the CPA claim based upon spurious allegations of wrongdoing, dated claims, and misinterpretations of the law. Where Plaintiff contends that Defendants have violated RESPA, FDCPA and DTA, for the reasons already discussed herein, *supra*/*infra,* those claims fail as a matter of law. Plaintiff cannot rely on allegations of other statutory violations as the "deceptive act" grounding his CPA claim because Plaintiff cannot establish that these other statutory violations occurred. Moreover, Plaintiff's allegations do not indicate a deceptive act or practice apart from the statutory context considered above and below.

Plaintiff repeatedly refers to discrepancies between the payoff statements and the periodic monthly statements. Compl. ¶¶ 53, 63. Such discrepancies are to be expected as interest calculation dates and escrow calculations for the two types of documents are entirely different. For example, a periodic statement would expect the borrower to pay the delinquent escrow monthly

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 12



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

contributions for taxes coming due in the coming months but a payoff would not include those sums. Plaintiff has the audacity to state that the attempts he has allegedly made to obtain a full accounting of the Loan, i.e. the charges assessed due to his own default he "could have and would have devoted to his business whereupon he would earn a good income." Compl ¶ 32. Plaintiff has not made a payment on the Loan since 2010, amassing in excess of $260,000.00 in interest and $64,000.00 in taxes that banks have paid on his behalf, but now claims he was prevented from making a "good income" due to his "relentless" efforts in 2017 to obtain a full accounting?

Plaintiff alleges that the QLS Payoff Statement does not contain legal fees as do the other statements. The QLS payment statement sets forth the expenses of the foreclosure, labeling it as "Advances" and "Incurred Foreclosure Costs" and listing expenses for items such as Trustee Fee, Mailings, and Title Charges. On the periodic statement, these same charges are lumped together as "legal fees." Plaintiff's contrived allegations that the QLS payoff statement "omits" "legal fees" fails when even a cursory glance at the QLS payoff statement details the same $6000.00 but labels the expenses as "advances" all of which are related to foreclosure costs. *See* Compl. Exhibits E and F. Semantics aside, the statements consistently set forth valid expenses. Those expenses are permissible under the DOT and the DTA as set forth below.

Plaintiff further claims that, upon information and belief, Nationstar has imposed forced insurance upon the Property without notice to Plaintiff, however, Plaintiff was admittedly in default for seven years. Plaintiff had not made mortgage payments or kept up with escrow items such as taxes and insurance during that time, leaving the servicer and lender in a position where they were permitted to insure the Property pursuant to the terms of the DOT, in order to protect the Loan collateral. *See* Compl. ¶¶ 20, 47, Exhibits K, E and F.

Even if Plaintiff could demonstrate an unfair or deceptive act, the claim would still fail for lack of demonstrable injury in fact. An award under the CPA is strictly limited to damage "in… [a plaintiff's] business or property…." RCW 19.86.090, *see also Ambach v. French*, 167 Wash. 2d 167, 216 P.3d 405 (2009). Even where damages may exist, "the doctrine of mitigation of damages,

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 13

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

or avoidable consequences, prevents an injured party from recovering damages that the injured party could have avoided if it had taken reasonable efforts after the wrong was committed. *TransAlta Centralia Generation LLC v. Sicklesteel Cranes, Inc*., 134 Wash. App. 819, 142 P.3d 209 (2006), citing *Bernsen v. Big Bend Elec. Coop*., 68 Wash. App. 427, 842 P.2d 1047 (1993). Plaintiff has not been harmed in any way, such as being out of pocket any sum of money. Rather, any damages he has suffered flow from his apparent ongoing default. *See Babrauskas v. Paramount Equity Mortg.*, 2013 WL 5743903 (W.D. Wash. Oct. 23, 2013) (plaintiff's failure to meet obligation "is the 'but for' cause of the default" and foreclosure), *McCrorey v. Fed. Nat. Mortg. Ass'n*, 2013 WL 681208 (W.D. Wash. Feb. 25, 2013) (plaintiffs' failure to pay led to default and foreclosure), *Peterson v. Citibank, N.A*., 2012 WL 4055809 (Wash. Ct. App. 2012).

Because Plaintiff cannot articulate a deceptive act or injury, his claim should be dismissed.

**F.     The Deed of Trust Act Permits Assessment of Foreclosure Fees and Cannot Form the Basis for a Breach of Contract Action.**

In the sixth cause of action, Plaintiff accuses Wells Fargo of breaching the Deed of Trust, contending that foreclosure fees are not authorized therein. *Compl. ¶¶ 70-72*. Plaintiff is engaging in a game of semantics to manufacture a lawsuit that he hopes will prevent the inevitable foreclosure. Nonjudicial foreclosure is a legal process for which a mortgage bank is going to incur expenses for various items regardless of the name assigned. Plaintiff labels the "advances" or "legal fees" as "attorney's fees" claiming they are not reasonable because it is a nonjudicial foreclosure [alleging that no one "has ever sued Plaintiff" regarding the loan[6]] attempting to feign some allegation of improper behavior. However, the DOT and the Deed of Trust Act [the "DTA"] both permit expenses of foreclosure as well as attorney's fees.

Paragraph 9 of the DOT states "If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument… then Lender may do and pay for whatever is

---

[6] The Property is in nonjudicial foreclosure and is currently scheduled for sale by the trustee.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 14

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

reasonable and appropriate to protect Lender's interest" in the Property and such expenses become additional debt under the Loan. Plaintiff ignores section (a). Commencing the nonjudicial foreclosure and the costs thereof are reasonable and appropriate to protect Lender's interest which are authorized in the DOT when, as here, the Borrower fails to pay the Loan.

The DTA similarly authorizes these expenses. "The trustee shall apply the proceeds of the sale as follows: (1) To the expense of sale, including a reasonable charge by the trustee and by his or her attorney". *RCW 61.24.080.* The trustee fees, title charges, mailings, publication costs, etc. are all expenses of the foreclosure which are assessed against the Property.

The fees and expenses were incurred solely and wholly due to the breach of the contract by Plaintiff and the sixth cause of action seeking damages for a breach of contract against Wells Fargo should be dismissed.

### G. Plaintiff's Seventh and Ninth Claims for Negligence Should Be Dismissed as a Matter of Law.[7]

To support his claims for negligence, Plaintiff alleges that Nationstar and Wells Fargo owed him "a duty of care as generally prescribed by RESPA" and a "tort duty of reasonable care" and that these duties were breached. The Complaint seeks an award of tort damages to Plaintiff as against all three defendants for Negligence, including emotional distress in an amount to be proven at trial. *See Compl. ¶¶ 73-77, 82-83, Prayer for Relief (E).* These claims fail as a matter of law.

#### 1. Plaintiff's Claims Are Untimely.

A three-year statute of limitations governs Plaintiff's negligence claims. *See Cox v. Oasis Physical Therapy, PLLC*, 222 P.3d 119, 126 (App. Div. 3 2009) (*citing* RCW 4.16.080(2)). Furthermore, "a cause of action for negligent injury accrues at the time the act or omission occurs." *Cox, Id.* (*citing In re Estates of Hibbard*, 826 P.2d 690, 696 (Wa. 1992)). Here, much of the

---

[7] The eighth and tenth causes of action relate to the actions of QLS only and therefore Defendants do not address those claims herein.

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 15

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

conduct alleged against Defendants related to escrow statements and fees and charges that were assessed to the Loan in or prior to January 2014. Plaintiff concedes that this occurred when Nationstar became the new servicer and alleges that occurred in January 2014. *See Compl. ¶¶ 41-42*. Yet, Plaintiff waited well over *three years,* until September 2017, to file the instant lawsuit. To the extent Plaintiff's negligence claims relate to escrow statements and any fees assessed prior to September 11, 2014, such claims are barred as a matter of law.

### 2. **Plaintiff's Claims Are Not Recoverable Under Washington Law.**

Even if Plaintiff's negligence claims are not barred by the statute of limitations, the claims pled are not recoverable so they should be dismissed as a matter of law. The elements of a negligence claim are the existence of a duty, a breach of that duty, damages, and that the breach of duty caused the damages. *See, e.g., Lowman v. Wilbur*, 17 Wash. 2d 165, 169 (2013).

#### a. **Plaintiff has not pled a duty of care.**

Plaintiff alleges that he had a contract, i.e. Deed of Trust of which Wells Fargo is the successor in interest and Nationstar (under contractual obligations with Wells Fargo) is acting as servicer and that pursuant to RESPA, servicing of the contract is subject to certain terms and conditions. Plaintiff provides legal conclusions that Nationstar and Wells Fargo, "breached" "a tort duty to use reasonable care", "a duty of care as generally prescribed by RESPA", and "the duty of ordinary care" in servicing Plaintiff's Loan and that the breach of duty is "particularly egregious". *Compl ¶¶74-77, 83*. However, none of these allegations allege any conduct beyond contractual duties to service the Loan. Moreover, 12 C.F.R. § 1024.17(i)(2) states that Nationstar had no duty to send escrow statements. Accordingly, Nationstar had no special duty of care which would trigger a tort duty of care to support a claim of negligence which compels dismissal.

#### b. **Plaintiff has not pled proximate cause.**

Further, Plaintiff alleges that Nationstar's conduct (and imputed to Wells Fargo) "caused the Loan to be inflated unnecessarily by accrued interests, late fees, default-related fees, foreclosure fees and legal fees." Compl. ¶ 77. However, the cause of all of those items flows from Plaintiff's

DEFENDANTS NATIONSTAR AND WELLS FARGO'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 16

ongoing default. *See Gelinas v. Bank of Am., N.A.* Case No. 16-1355-RAJ (W.D. Wash. March 28, 2017) (holding that personal injuries are not recoverable under the CPA and plaintiff failed to identify any damages suffered which were not the result of the failure to meet obligation the obligations of the mortgage.) Thus, any acts or omissions by Nationstar and Wells Fargo are not the proximate cause of Plaintiff's purported damages and the negligence claim should be dismissed as a matter of law.

### c. Plaintiff has not pled damages.

The Defendants are seeking to foreclose on the Property. All fees, interest, principal, etc. would be limited to the foreclosure of the Property rather than a money judgment against Plaintiff. Accordingly, Plaintiff will not suffer any monetary damages and fails to meet the damages prong of negligence in addition to the lack of proximate cause necessitating dismissal of the 7th and 9th causes of action.

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 16th day of October, 2017.

WITHERSPOON · KELLEY

By: *s/ Michael J. Kapaun*
Michael J. Kapaun, WSBA # 36864
Steven J. Dixson, WSBA # 38101
422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
E-mail: mjk@witherspoonkelley.com
E-mail: sjd@witherspoonkelley.com
*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., as Trustee For Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3*

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 17



WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100  Phone: 509.624.5265
Spokane, Washington 99201-0300  Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2017,

1. I caused to be electronically filed the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS NATIONSTAR MORTGAGE LLC AND WELLS FARGO BANK N.A., AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, SERIES 2007-3 with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Vicente Omar Barraza
BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
BURIEN, WA 98166
omar@barrazalaw.com
*Attorney for Plaintiff*

Robert W. McDonald
108 1st Ave S. Suite 202
Seattle, WA 98104
rmcdonald@qualityloan.com
*Attorney for Defendant Quality Loan Service Corporation of Washington*

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below: None

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: None.

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: None.

*s/ Michael J. Kapaun*
Michael J. Kapaun, WSBA # 36864

DEFENDANTS NATIONSTAR AND WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 18

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728