IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRETT DIFFLEY, an unmarried man,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a foreign corporation, QUALITY LOAN SERVICE CORP. WASHINGTON, a Washington corporation, WELLS FARGO BANK, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3,<br><br>Defendants. | CASE: 2:17-cv-01370-RSM<br><br>BRETT DIFFLEY'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS |

## **I. INTRODUCTION**

Where this Court has always opened its door to those who seek justice, the bank, Wells Fargo, and their vendors, Nationstar Mortgage LLC ("Nationstar"), and Quality Loan Service Corp. Washington ("QLS"), have chosen to mock Mr. Diffley's effort to shine a light upon their wrongful business practices as "a thinly-veiled attempt to avoid a foreclosure" and accuses plaintiff counsel to have been complicit in other "attempts to fabricate this lawsuit and the CPA claims based upon spurious allegations . . ." (Dkt. 11, pp. 1, 12). The district courts have addressed, and will continue to address, hundreds of claims of similar nature brought by

RESPONSE IN OBJECTION TO MOTION TO
DISMISS-:17-cv-01370-RSM

1

**BARRAZA LAW PLLC**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

consumers in their *pro se* capacity as well as through counsel, and have never once held that these lawsuits were "fabricated" or the allegations within "spurious." In Washington, property rights are constitutionally sacrosanct: "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." (emphasis added). Const. art. I, § 7. Thus, the inflammatory language employed by the defendants, while serving no legal utility whatsoever, actually diminishes respect for the rule of law and the integrity of the legal system, including those lawyers practicing within it, as viewed by the public.

Mr. Diffley's lawsuit, grounded on specific facts and supported by specific federal and state consumer protection statute, should not be dismissed for the following reasons:

## II. LEGAL ANALYSIS & APPLICATION OF FACTS

Mr. Diffley accepts federal authority governing a motion to dismiss but ads that FRCP 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. Proc. 8(a)(2). For purpose of the defendants' motion to dismiss (Dkt. 11) and joinder (Dkt. 13), the Court must accept all factual allegations in a complaint as true. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also CFPB v. Frederick J. Hanna & Assocs.*, 114 F.Supp.3d 1342, 1348 (N.D. Ga. 2015). A claim should only be dismissed under Rule 12(b)(6) where the facts alleged fail to allege a "plausible" claim for relief. Plausibility is found if the plaintiff alleges facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is a "liberal pleading requirement . . . that does not require a plaintiff to plead with particularity every element of a cause of action." *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2011). It is sufficient that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests. *Id.*

RESPONSE IN OBJECTION TO MOTION TO
DISMISS-:17-cv-01370-RSM

2

**BARRAZA LAW PLLC**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

## COUNTS ONE AND TWO. NATIONSTAR VIOLATED RESPA AND REGULATION X

Defense counsel has misrepresented to the Court that Mr. Diffley alleges Nationstar took over his loan effective January 10, 2014. (Dkt. 11, p. 8:15; 4). In fact, paragraph 42 of the Diffley Complaint references the effective date of Regulation X, as implemented under RESPA by which Nationstar's compliance was triggered. *Cooper v. Fay Servicing, LLC,* 115 F.Supp.3d 900, 904 (S.D. Ohio 2015); *Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X)*, 78 FR 10696-01). Additionally, Mr. Diffley alleges that Nationstar, as servicer, has violated various provisions of RESPA on **an ongoing basis,** including and up to present day. The root cause of Nationstar's mishandling of Plaintiff's loan is that it failed to verify loan information transferred by the prior servicer when it took over the servicing, marked by Nationstar's failure to conduct escrow accounting and furnish Mr. Diffley with the same for the year of 2016 (Dkt. 1, ¶17) . The allegations make clear that because Nationstar did not bother verifying the accuracy and completeness of the loan information, it has been servicing the Loan on an erroneous basis where the principal balance due and owing, accrued interests, fees and penalties are miscalculated, resulting in an inflated and enormous default that could never be cured by Mr. Diffley and would lead to the inevitable loss of his home. In attaching certain periodic statements issued by Nationstar to him in 2017, as well as payoff statements issued by co-defendant QLS, Mr. Diffley has demonstrated that the documents referred to by the Complaint, all dated and issued by defendants in 2017[1], constitute violations of RESPA within the limitation period of three years, regardless of the timing of the

---

[1] Attached to this Response are the Exhibits to the Complaint, corrected to references and citations made in the Complaint.

1 root cause. The payoff amounts contained within these documents were calculated in 2017, 2 which were well within the statute of limitations. The numerical/mathematical discrepancies, 3 represented by these documents as to how much Mr. Diffley must pay to cure the default and 4 retain his home, make it difficult if not impossible for consumers like himself to pay and cure 5 (Dkt. 1, ¶¶22-23). As relevant to this action, RESPA prohibits servicers of a federally related 6 mortgage from failing to "take timely action to respond to a borrower's requests to correct errors 7 relating to allocation of payments, final balances for purposes of paying off the loan, or 8 avoiding foreclosure, or other standard servicer's duties." *See* 12 U.S.C. § 2605(k)(1)(C). If a 9 servicer fails to comply with any provision of § 2605, the borrower may sue for damages under 10 RESPA. *See* 12 U.S.C. § 2605(f).

11 The regulation, 12 C.F.R. § 1024.17(i)(2) provides, "[i]f the servicer does not issue an 12 annual statement pursuant to this exemption and the loan subsequently is reinstated or otherwise 13 becomes current, the servicer shall provide a history of the account since the last annual 14 statement (which may be longer than 1 year) within 90 days of the date the account became 15 current." *Id.* However, whether the borrower was "current" at any time under the mortgage is a 16 potential affirmative defense, and not a basis for dismissal. *Quiller v. Barclays* 17 *American/Credit*, 727 F.2d 1067, 1068 (11th Cir. 1984); *Jackson v. Seaboard Coast Line R.R.* 18 *Co.,* 678 F.2d 992, 1013 (11th Cir. 1982) (requiring the statutory exemption to a "[Title VII] 19 claim to be pled as an affirmative defense promotes fairness."); *Rachbach v. Cogswell,* 547 F.2d 20 502, 505 (10th Cir. 1976) (a statutory exemption to TILA must be pled as an affirmative 21 defense) (citations omitted). Since Nationstar has never performed the escrow accounting and 22 provided Mr. Diffley with a statement evidencing the same, the Court cannot determine whether 23 the exception applies to relieve Nationstar from its statutory duty and dismissal would be

24

inappropriate.

In addition to Nationstar's failure to conduct escrow accounting, Nationstar also force-placed insurance upon the property without giving him proper notice. Mr. Diffley alleges that Nationstar's business practice of using Assurant Inc., as its insurance vendor to impose highly inflated premiums on homeowners violated the law has been well-documented (Dkt. 1, ¶ 20). In response, Nationstar simply claims that it has the right to force-place insurance because the Diffley loan has been in default for so long (Dkt. 11, ¶¶ 7-8). Based on these facts, Mr. Diffley's allegation that Nationstar failed to notify him prior to force-placing property insurance in violation of RESPA has not been denied and remains plausible upon his claim of RESPA violation.

Mr. Diffley alleges Nationstar improperly assessed fees for property inspections and that he issued a Request for Information and Notice of Error in order to address these fees, including a request for Nationstar to provide invoices for these charged services (Dkt. 1, ¶¶26-26). Without denying the first part of the allegation requiring it to acknowledge receipt of the notices sent by Mr. Diffley, Nationstar asserts that the time for its response had not expired before Mr. Diffley filed his Complaint. Regardless, Nationstar failed to acknowledge and its response to the notices is long past due. Nationstar did not explain any of the charges as requested, and provided no breakdown or invoices in support for any of the charges alleged as due on the Diffley mortgage loan account. *Id.* Accepting these allegations as true, they plausibly support a claim under RESPA. The Court's determination of date of receipt and why Nationstar failed to conduct a reasonably sufficient investigation of Mr. Diffley's allegations requires additional factual determinations that cannot be disposed of by way of a motion to dismiss. S*ee Renfroe v. Nationstar Mortg., LLC,* 822 F.3d 1241, 1245 (11th Cir. 2016) ("In reviewing Rule 12(b)(6)

motions, courts are bound to accept the plaintiff's allegations as true and to construe them in the light most favorable to her. [The defendant] asks us to do the opposite. [The defendant] suggests we should accept its contrary allegations—that it conducted a reasonable investigation into [the plaintiff's] account and found no error—and then to grant its motion to dismiss on that basis. We decline to do that.").

### **COUNT THREE: NATIONTAR VIOLATED THE FDCPA**

Nationstar concedes that it took over the servicing of the Diffley loan after it had entered default status (Dkt. 11, pp. 7, 8), yet claiming that dismissal is ripe because (1) it is not a debt collector, and (2) it does not engage in debt collection. Nationstar's logic— that because Wells Fargo owns the Diffley loan, it is not a debt collector, and this lack of debt collector status extends to Nationstar— (Dkt. 11, pp. 10-11), is faulty and Nationstar could not come up with a single case in support of its position. A servicer is a debt collector if it acquires servicing after the loan has been in default. *Walker v. Quality Loan Serv. of Wash.*, 176 Wn.App. 294 (2013) ("'Although there is no statutory definition of 'loan servicer' under the Act, a loan servicer will become a debt collector under § 1692a(6)(F)(iii) if the debt was in default or treated as such when it was acquired.'"); *Bridge v. Ocwen, FSB*, 681 F.3d 355, 359, 362 (6th Cir. 2012) (A loan servicer is a "debt collector" if the loan was in default, or the loan servicer has treated the loan as if it were in default, at the time it acquired the servicing rights to the loan).

Here, Mr. Diffley adequately alleges that Nationstar is both a servicer subject to RESPA and a debt collector subject to the FDCPA. Under RESPA, a servicer is an entity receiving any scheduled payments from borrowers. A servicer who attempts to collect on mortgage debts owed or due on a loan that was in default at the time it was obtained is also debt collector under the FDCPA. The correspondence by Nationstar attached to the Complaint is debt collection
RESPONSE IN OBJECTION TO MOTION TO
DISMISS-:17-cv-01370-RSM

6

**BARRAZA LAW PLLC**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

communication. Thus, by resting only on the status of debt collector and a general denial that foreclosure is not debt collection activity, Nationstar's motion failed the standard of Rule 12(b)(6) and must be dismissed.

### COUNT FOUR: NATIONSTAR VIOLATED WASHINGTON CPA

Nationstar did not address Count Four of the Complaint containing allegations that Nationstar violated the Washington Consumer Protection Act. [2] Under Count Four, Mr. Diffley specifically alleges that "Nationstar's actions taken in connection with mortgage loan servicing, default servicing, offer[ing] and processing of loan modification applications and conduct of nonjudicial foreclosure," are carried out in trade or commerce, are unfair and deceptive, and injurious to himself as well as other consumers (Dkt. 1, ¶¶. 62-66). The enumerated actions are: (a) failure to identify the entity holding the Diffley promissory note (¶7); (b) dual-tracking or initiating foreclosure while engaging with Mr. Diffley in loss mitigation process by misrepresenting that he did not respond to Nationstar's contact (¶¶15-16); (c) improper imposition of unsubstantiated fees upon the account and failure to respond to statutory inquiries concerning said fees (¶¶17-24); (d) refusal to meet and confer as required by Washington FFA and to process Mr. Diffley's request for mortgage assistance in good faith (¶27-33), and (e) faulty accounting resulting in inconsistencies of the amount necessary to pay off the loan (¶¶17-24; 34). Mr. Diffley also alleges that these actions are part of Nationstar's pattern or business practice which received the attention of federal regulator such as the CFPB. Finally, Mr. Diffley has detailed losses and injuries he has suffered as a result of Nationstar's conduct (¶66). In taking these allegations as true, the Court must deny the defendants' motion to dismiss.

---

[2] The motion to dismiss lumps Counts Three and Four together under the heading of "Plaintiff's Third and Fourth Claims for Violation of Fair Debt Collection Practices Act Fail because Nationstar Is Not a Debt Collector and Foreclosure is Not Debt Collection Subject to the Fair Debt Collection Practices Act."

## COUNT FIVE: WELLS FARGO BANK AS TRUSTEE OF THE SECURITIZED TRUST, THROUGH NATIONSTAR, BREACHED THE DEED OF TRUST

Mr. Diffley alleges that Wells Fargo has breached the Deed of Trust in allowing Nationstar as its agent to charge him attorney fees when there are no proof that said fees were incurred in connection with the protection of the collateral (Dkt. 1, ¶¶68-72). He points to paragraph 26 of the Deed of Trust and submits that a nonjudicial foreclosure is, by its name, accomplished by non-lawyers. And as such, he could not have incurred, and Wells Fargo cannot charge him for **legal fees** in the amount of $6,795.27. In this District, Judge Robert Lasnik, had considered the same claim, under the same language of the deed of trust, in Lucero v. Cenlar, *FSB*, 2016 U.S. Dist. 10430 (W.D.Wash, Oct. 4, 2013) and held:

> The Deed of Trust at issue here contains two attorney's fee provisions, paragraphs 9 and 26. Determining which one applies requires consideration of both provisions. The claims asserted in this litigation fall squarely within the language of paragraph 26. **Rather than seek to recover its reasonable fees in this action, however, Cenlar chose to impose the fees directly on plaintiff's mortgage account, without judicial oversight, based on the apparently post hoc rationalization that paragraph 9 applies**. The two attorney's fee provisions are not duplicative: they address different circumstances. Whereas paragraph 26 may allow the servicer to recover attorney's fees when the servicer prevails in a mortgage-related action between the borrower and lender, paragraph 9 gives the lender the ability to react quickly and without judicial process to deal with more immediate, extraneous threats to its underlying security interest and rights. The threats which trigger paragraph 9 are significant and in the nature of bankruptcy proceedings, probate, liens, and condemnation actions. An action to compel a lender to comply with the terms and conditions of the Deed of Trust is not of the same kind as the listed proceedings because there is no threat to the lender's priority position in the property or its contractual rights (which are cabined by the Deed of Trust Act). **If such claims are meritless and the lender prevails, its fees can be recovered, in good time and after the court considers various factors, under paragraph 26.** Considering the contract as a whole and the language of paragraph 9, the Court concludes that Cenlar's reliance on that provision to unilaterally charge attorney's fees incurred in litigation between the parties simply because the borrower has asserted claims that may delay or thwart a foreclosure is misplaced. Where the only thing in jeopardy is the lender's ability to foreclose unhindered and allegedly in contravention of statutory requirements, the fee award is appropriately considered by the presiding court under paragraph

RESPONSE IN OBJECTION TO MOTION TO
DISMISS-:17-cv-01370-RSM

8

**BARRAZA LAW PLLC**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

1       26.

*Id.* *17-19

Here, the defendants imposed "legal fees" upon the Diffley account well before he filed this lawsuit and added the fees to the amount needed to pay off the loan or to cure the default. When Mr. Diffley inquired, Nationstar stated that these fees were "an old item" and refused to further investigate (Dkt. 1, ¶28). As such, Mr. Diffley sufficiently alleges Wells Fargo's breach of provisions 9 and 26, as well as the concomitant duty of good faith and fair dealing. *Lucero,* at *19-20, *citing to Rekhter v. Dep't of Social and Health Servs.,* 180 Wn.2d 102, 112-13, 323 P.3d 1036 (2014); *Johnson v. Yousoofian*, 84 Wn. App. 755, 762, 930 P.2d 921 (1996); and *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 910 (9th Cir. 2001). Wells Fargo's counter argument fails to recognize *Lucero* as applicable and controlling authority in the District. Wells Fargo committed the same breach in Lucero; it relies upon paragraph 9 of the Deed of Trust and RCW 61.24.080 as authority for attorney fees incurred in a nonjudicial foreclosure or in a non-litigated dispute between the bank and the borrower.

## **COUNT SIX: NEGLIGENCE AS TO DEFENDANT NATIONSTAR**

A cause of action for the tort of negligence exists based on conduct of Nationstar as loan servicer independent of statutory violations based on the same conduct. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 775 (2013) (The court of appeals reversed the trial court on all counts, except the negligence claim; *Washington Mut. Bank v. Superior Court*, 785 Cal.App.4th 773 (Cal. 2d Dist. 1999) (Plaintiff's asserted private rights, including negligence can be based on the unlawful act which violates RESPA, and causes of action are not inconsistent but complimentary to the federal requirements). In handling Mr. Diffley's application for loan modification, Nationstar owes Mr. Diffley an ordinary duty of care. Several United States

RESPONSE IN OBJECTION TO MOTION TO
DISMISS-:17-cv-01370-RSM

9

**BARRAZA LAW PLLC**
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

District Courts have concluded a lender or loan servicer owes a borrower a duty of care in negotiating or processing an application for a loan modification. *See Ansanelli v. JP Morgan Chase Bank, N.A.* (N.D.Cal., Mar. 28, 2011, No. C 10-03892 WHA) 2011 U.S.Dist. Lexis 32350, pp. *21–*22 [allegation that lender offered plaintiffs a loan modification and "engage[d] with them concerning the trial period plan" was sufficient to create duty of care]; *Becker v. Wells Fargo Bank, NA,* (E.D.Cal., Nov. 30, 2012, No. 2:10-cv-02799 LKK KJN PS) 2012 U.S.Dist. Lexis 170729, pp. *34–*35 [complaint stated claim against lender for negligence during the loan modification process]; *Crilley v. Bank of America, N.A.* (D. Hawaii, Apr. 26, 2012, Civ. No. 12-00081 LEK-BMK) 2012 U.S.Dist. Lexis 58469, p. *29 (denying motion to dismiss because plaintiffs "have pled sufficient facts to support a finding that Defendant went beyond its conventional role as a loan servicer by soliciting Plaintiffs to apply for a loan modification and by engaging with them for several months" regarding the modification); *Garcia v. Ocwen Loan Servicing, LLC* (N.D.Cal., May 10, 2010, No. C 10-0290 PVT) 2010 U.S.Dist. Lexis 45375, pp. *7–*11 (plaintiff's allegations of lender's conduct in handling application for loan modification pleaded a duty of care).

Mr. Diffley's negligence claim is not barred by statute of limitations because the conduct alleged has occurred and continues to occur within the past two years. Again, Nationstar's reference and its reliance on the date of January 10, 2014, as the triggering date of the statute of limitations, is intentionally misleading, because Mr. Diffley specifically alleges acts and omissions occurring in 2016 and 2017, which violated the duty of care owed by Nationstar; he cites to January 10, 2014, only as the effective date of statutory obligations under Regulation X (Dkt. 1, ¶¶15-21; 24-34; 74-77).

**COUNT SEVEN: NEGLIGENCE AS TO DEFENDANT QLS**

Mr. Diffley makes specific allegations in support of his negligence claim against defendant QLS for its handling of the nonjudicial foreclosure against him (Dkt. 1, ¶¶22-24; 79-81). QLF filed a joinder acknowledging that it owes Mr. Diffley a duty of good faith under the DTA, and arguing that there is "no cause of action for damages under the DTA." (Dkt. 13). Thus, QLS has failed to address Mr. Diffley's negligence claim. As such, the claim cannot be dismissed. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

**COUNT EIGHT: NEGLIGENCE AS TO DEFENDANT WELLS FARGO AS PRINCIPAL OF NATIONSTAR**

Mr. Diffley expressly relies on the arguments he made under the heading of Count Six., there is no dispute that Wells Fargo has acted only through its agent/loan servicer Nationstar in all matters involving the Diffley loan. Thus Wells Fargo is liable to him vicariously for the negligence committed by Nationstar. RCW 4.22.070(1)(a); *Gass v. McPherson's Inc.*, 79 Wn.App. 65, 71 (1995) ("Any fault attributed to a principal is vicarious. Vicarious fault does not arise from any acts or omissions of the principal. Vicarious liability arises by operation of law from the acts or omissions of the agent. The principal is liable, 'not as if the act was done by himself,' but because of respondeat superior.")

**COUNT NINE: QLS VIOLATED WASHINGTON CONSUMER PROTECTION ACT**

Mr. Diffley alleges specific and detailed acts and omissions of QLS that constitute violations of the Washington CPA (Dkt. 1,¶¶11, 16, 22-24; 85-94). He does not seek to recover money damages under the Deed of Trust Act but appropriately seeks relief under the Consumer

BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
SEATTLE WA 98166
Tel. 206-933-7861/Fax206-933-7863

Protection Act. *Frias v. Asset Foreclosure Servs. Inc.,* 181 Wn.2d 412 (2014) (Section 61.24.127 does not explicit or implicitly recognize a cause of action for the recovery of monetary damages premised on a violation of the Deed of Trust Act absent a completed foreclosure sale, but the WACPA may provide relief). In its joinder, QLS does not address any of the factual allegations made by Mr. Diffley but focuses solely on the absence of technical violations or "defects" within the nonjudicial foreclosure (Dkt. 13). Therefore, QLS's request for dismissal of this claim must be denied. *Estate of Moreland v. Dieter,* 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived.")

### III. CONCLUSION

Pursuant to the foregoing legal analyses and factual application to the same, Plaintiff Brett Diffley prays the Court to deny the defendants' joint motion to dismiss.

DATED this 10th day of November 2017.

BARRAZA LAW, PLLC

*/s/ V. Omar Barraza*
VICENTE OMAR BARRAZA, WSBA 43589
Counsel for Plaintiff
14245-F Ambaum Blvd SW, Seattle WA 98166
206-933-7861 Fax 206-933-7863