Michael J. Kapaun, WSBA # 36864
Steven J. Dixson, WSBA # 38101
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
mjk@witherspoonkelley.com
sjd@witherspoonkelley.com
*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., as Trustee For Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3*

**Hon. Ricardo S. Martinez**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRETT DIFFLEY, an unmarried man,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a foreign corporation, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation, WELLS FARGO BANK, N.A., as Trustee For Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3,<br><br>Defendants. | Case No. 2:17-cv-01370-RSM<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANTS NATIONSTAR MORTGAGE LLC AND WELLS FARGO BANK N.A., AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, SERIES 2007-3<br><br>**NOTED ON MOTION CALENDAR: NOVEMBER 17, 2017** |

## I. INTRODUCTION

Plaintiff Brett Diffley ("Plaintiff") alleges he was unable to pay the approximately $570,000 principal, $64,000 real estate taxes, and $260,000+ interest accumulating since 2010 because, on the eve of foreclosure in 2017, he questions less than $10,000 in fees for related current and past foreclosure and default costs. Plaintiff further claims that these fees (amounting to 1% of the amount due) resulted "in an inflated and enormous default that could never be cured". *(Plaintiff's Opposition pg 3)*. Yet Plaintiff makes no offer to tender or provide any explanation for his failure



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Phone: 509.624.5265
Spokane, Washington 99201-0300 Fax: 509.458.2728

to pay the other 99% of the loan which he does purport is inflated or an enormous default. His opposition is devoid of case law on point and merely attempts to deflect the complaint's deficiencies by falsely claiming the Defendants have admitted purported wrong doing.

In Plaintiff's Opposition ("Opp.") to the Motion to Dismiss ("Motion") of Defendants Nationstar Mortgage, LLC ("Nationstar") and Wells Fargo Bank, N.A. as trustee for Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3 ("Wells Fargo") (collectively, "Defendants"), Plaintiff does not show any reason the claims against Defendants should not be dismissed. Instead of addressing and countering the legal arguments in Defendant's Motion, Plaintiff fills his Opposition with the unsupported facts and legally insufficient arguments from his Complaint ("Compl."). Specifically, the facts as alleged in Plaintiff's Complaint and the authority cited in the Opposition are not on point, and fail to show that the Complaint sufficiently states a viable claim against Defendants under the applicable *Twombly/Iqbal* pleading standard set forth in the Motion.

Because Plaintiffs' Opposition fails to counter the arguments set forth in Defendants' Motion, that Motion should be granted.

## II. <u>ARGUMENT</u>

### A. <u>Plaintiff's First Cause of Action Still Fails Due to Exemption, Failure to Demonstrate Error and Expiration of the Statute of Limitations.</u>

12 C.F.R. §1024.17(i) (2) states "If at the time the servicer conducts the escrow account analysis the borrower is more than 30 days overdue, then the servicer is exempt from the requirements of submitting an annual escrow account statement to the borrower under § 1024.17(i)." The Complaint admits that Plaintiff was delinquent in his loan since 2010 and thus Nationstar was exempt from providing any escrow statements.

Plaintiff confesses that the loan was in default when Nationstar took over servicing. Plaintiff further alleges that he attempted for several years to obtain a loan modification from the prior servicers. He even attaches the Notice of Default which reflects the loan being in default for failure to remit payments due commencing June 1, 2010. *(See Compl ¶¶ 2, 13, 14 Ex A).* Although



WITHERSPOON•KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

Plaintiff now asserts that the latter portion of 12 C.F.R. §1024.17(i) (2) imposes a duty on the servicer to provide an escrow statement if a borrower becomes current, Plaintiff fails to allege anywhere in the four corners of the Complaint that he ever was current. Thus, no duty was triggered and Nationstar was not obligated to provide an escrow statement.

Nor do Plaintiff's citations support his argument. *Quiller*, an unpublished opinion from the 11th Circuit, references that "generally" a statutory exemption is not the basis for dismissal. But Plaintiff fails to advise the Court of the next sentence which states "[n]evertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint. *Quiller v. Barclays American/Credit*, 727 F.2d 1067, 1068 (11th Cir. 1984); *app. dismissed* 812 F.2d 1413 (11th Cir. 1987); *Cert. den'd* 476 U.S. 1124 (1986); *aff'd* 764 F.2d 1400 (11th Cir. 1985). Here, the Complaint and its exhibits evidence that the loan was and is in default since 2010 and it was already in default when Nationstar undertook servicing. Thus the defense clearly appears on the face of the Complaint.

Plaintiff's other cited cases, *Jackson* and *Rachbach* from the 10th and 11th Circuits, do not stand for the proposition for which Plaintiff avers. Neither case says that a statutory exemption cannot be the basis for a motion to dismiss. Neither case even remotely addresses that issue. Those cases do not involve motions to dismiss, but post-answer proceedings and state that a defendant waives an affirmative defense by not pleading it. *Jackson v. Seaboard Coast Line R.R. Co.* 678 F,2d 992 (11th Cir. 1982) *Rachbach v. Cogswell*, 547 F.2d 502 (10th Cir. 1976) [the court considering post-trial motions stating immediately after the sentence quoted by Plaintiff "Because Cogswell did not plead the defense of § 1614, he may not exploit it now."] Those cases are irrelevant.

The Deed of Trust Plaintiff executed specifically authorizes the lender to protect the collateral by paying taxes or obtaining hazard insurance when the borrower fails to meet his obligations in that regard. (*Compl., Ex. K at § 5*). Plaintiff's claims that Nationstar "upon



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Phone: 509.624.5265
Spokane, Washington 99201-0300 Fax: 509.458.2728

information and belief" subjected him to force-placed insurance and failed to give him proper notice thereof are unavailing.[1] (*Compl.* ¶¶ *20, 47).* There is no identification of any wrongdoing associated with insurance nor does such an allegation support a cause of action.

RESPA claims are subject to a three-year statute of limitations. Indeed Plaintiff admits that the "gravamen" of the Complaint is that Nationstar "failed to verify loan information transferred by the prior servicer". *(Opp. pg 3).* The Complaint plainly states "[e]ffective January 10, 2014, as servicer, Nationstar is obligated but failed to comply". (*Compl* ¶*42).* Now Plaintiff claims that he did not mean to allege Nationstar was the servicer on that date, but *fails to allege what date Nationstar became servicer*. There is no other date alleged in the Complaint as the date that Nationstar began servicing except Plaintiff's statement that Nationstar had an obligation "*as servicer"* on January 10, 2014. Plaintiff attempts to avoid the fatality of the expiration of the statute of limitations by intentionally failing to identify the date it arose. Such gamesmanship should not be tolerated.

Rather, Plaintiff argues that the expiration of the statute of limitations should be circumvented because 2016 and 2017 statements include dollar amounts that were established years before. Applying this flawed rationale would presumably extend the statute of limitations, in perpetuity, though the Opposition is devoid of any legal support for such an interpretation.

On the contrary, "[t]he general rule is that a cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief." *Perez v. U.S. Bank*, No. NO: 2:15-CV-0114-TOR, 2016 BL 59631 (E.D. Wash. Feb. 29, 2016), *citing, Shepard v. Holmes*, 185 Wash. App. 730 , 739 , 345 P.3d 786 (2014). Accordingly, if as Plaintiff alleges, Nationstar incorrectly on-boarded the loan, the cause of action arose on the date the loan was on-boarded, a date that would not be extended in perpetuity each time Nationstar sent a monthly statement adding current obligations to the past obligations.

---

[1] Though Plaintiff alleges that "upon information and belief" he was subjected to force-placed insurance and in his Opposition alleges that there were "highly inflated premiums", none of the multiple statements attached to the Complaint including three monthly statements and two payoff statements demonstrate any charges for force-placed insurance.



WITHERSPOON•KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

Noticeably, Plaintiff does not address his claimed violation of RESPA for failing to provide an initial escrow balance, presumably abandoning that claim because it is time barred.

The "gravamen" of the Complaint regarding the initial on-boarding of the loan is time barred, Nationstar was not required to send escrow statements, and Plaintiff failed to articulate any wrongdoing with insurance. The first cause of action must be dismissed.

**B. <u>Plaintiff's First and Second Causes of Action Were Filed Prematurely and Should Be Dismissed.</u>**

Plaintiff's second cause of action alleges that Nationstar refused to respond to Plaintiff's Request For Information and Notice of Error (the "Letters") dated August 11, 2017, in violation of 12 C.F.R §1024.35 and §1024.36. (*Compl.* ¶¶ *49-50)*. The first cause of action contains the same allegation but alleges it violates 12 U.S.C. §2605. Plaintiff does not challenge that these allegations were premature. Instead he purports that the Court's determination of the dates require "additional factual determinations that cannot be disposed of by way of a motion to dismiss." *(Opp. pg 5).* This statement is unfounded.

Plaintiff states the Letters were dated August 11, 2017, and attaches the certified mail receipt post marked August 11, 2017. (*See Compl. 49-50, Exhibit G).* The Complaint was filed on September 11, 2017, 31 days after mailing. The statute provides the servicer thirty days from the day of receipt (<u>excluding weekends and holidays</u>) to respond. 12 C.F.R. § 1024.35(e)(3)(c) and 12 C.F.R. § 1024.36(d)(2)(B). The Court can glean without discovery, that in order for Nationstar to have been obligated to respond to the Letters prior to the filing of the Complaint, Nationstar would have had to receive the Letters by July 28, 2017, a date prior to Plaintiff's mailing of the same.[2] Accordingly, Plaintiff cannot maintain a claim that Nationstar, as of the date of the Complaint, was in violation of

---

[2] Plaintiff's citation to *Renfroe* is misguided. The court in *Renfroe*, explicitly states that courts on 12(b)(6) motions to dismiss are bound to accept the allegations in the four corners of the complaint as true and restricts use of outside documents to determine facts. *Renfroe v. Nationstar Mortgage, LLC*, 822 F.3d 1241 (11th Cir. 2016). That case does not prohibit a court from dismissing a complaint that has no merit. Or one, as here, that the Plaintiff's allegations, taken as true, establish that Plaintiff filed the case before Nationstar's time to reply had expired and thus could not have violated the statutes.



WITHERSPOON•KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

either 12 C.F.R. § 1024.35(e)(3)(c) or 12 C.F.R. § 1024.36(d)(2)(B) and, as a matter of law, these claims should be dismissed.

**C. <u>Plaintiff's Third and Fourth Claims for Violation of Fair Debt Collection Practices Act Still Fail Because Nationstar Is Not a Debt Collector and Foreclosure is Not Debt Collection Subject to the Fair Debt Collection Practices Act.</u>**

Plaintiff's attempt to rescue his Third and Fourth Causes of Action fails because he cannot show that Defendants are "debt collectors" for purposes of assigning liability under the FDCPA. Plaintiff's citations to case law from the Sixth Circuit, even if applicable, would not be mandatory precedent for this Court. (*See Opp.* at 7). The applicable law here may be found in the recent U.S. Supreme Court case, *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718 (2017), as set forth in Defendants' Motion. (*Motion at §D)*. Nationstar is a mortgage servicer and Wells Fargo is a mortgage bank; neither is a business whose principal purpose is the collection of debts as defined in 15 U.S. Code § 1692a. Further, Defendants are seeking to enforce a secured interest, not to collect money, which the Ninth Circuit acknowledges is not debt collection activity. *Fong v. Prof'l Foreclosure Corp.*, 2005 WL 3134059, at *2 (W.D. Wash. 2005) ("foreclosing on a deed of trust enforces an interest in property, not a consumer's obligation to pay money").

Because Defendants are not debt collectors and foreclosing pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA, Plaintiff's FDCPA claim should be dismissed with prejudice, in its entirety, and without leave to amend.

**D. <u>Plaintiff's Inability to Sustain the Other Causes of Action, Necessitate Dismissal of the Derivative Fifth Cause of Action.</u>**

Plaintiff alleges that "Nationstar did not address Count Four of the Complaint containing allegations that Nationstar violated the Washington Consumer Protection Act" ["CPA"]. (*Opp. pg 7).* However, the Complaint lists the CPA claim as Count Five and the Defendants addressed the fifth cause of action alleging violation of the CPA at §E. (*Compl. ¶¶61-66; Motion at §E).* Though



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

Plaintiff alleges that Nationstar did not address it, he oddly argues that the motion to dismiss that cause of action should be denied.

He does, however, fail to cite any authority. As Plaintiff cannot articulate a deceptive act (the deceptive acts relied upon fail as set forth in the Motion) or injury (the cause of which is his longstanding failure to pay his mortgage), his claim should be dismissed.

**E. <u>The Deed of Trust Act Permits Assessment of Foreclosure Fees and Cannot Form the Basis for a Breach of the Deed of Trust Action.</u>**

As to the sixth cause of action regarding the collection of legal fees,[3] Defendants were and are entitled to recoup the costs of the foreclosure, whether via judicial or nonjudicial means. Plaintiff does not dispute that such recovery is permitted under the Deed of Trust Act [the "DTA"].

Plaintiff's citation to *Lucero v. Cenla, FSB* is misplaced. *Lucero v. Cenlar FSB*, No. C13-0602RSL, (W.D. Wash. Jan. 28, 2016). First, the language quoted is not contained in the 2013 decision he cited. Second, Plaintiff does not contest Defendants' recovery for the foreclosure expenses under the DTA, which specifically allows such recovery. Third, *Lucero* involved litigation regarding a mortgage loan for which the bank was assessing the attorneys' costs for the litigation, not nonjudicial foreclosure fees as in this case.[4] Fourth, the exhibits attached to the Complaint demonstrate that the expenses (which are itemized) are "legal fees" or "advances" but he dreams up "attorneys fees" to fabricate a claim which does not exist. Fifth, he perversely feigns the fees were anticipatory of this litigation when the statements he has received for years (and attaches to his Complaint) detail fees for items such as the trustee and publication costs caused by his nearly 8 years of failing to pay his mortgage. Sixth, his own Notice of Error does not impugn the validity of the foreclosure expenses. (*See Compl. Ex.F at page 72 and Ex.G)*. Seventh, Plaintiff falsely states that *Lucero* stands for the proposition that Wells Fargo cannot recover fees incurred in a

---

[3] Incorrectly referred to by Plaintiff as Count Five.

[4] Defendants reserve their right to assess litigation fees under paragraph 26 of the Deed of Trust but that is not the fees referred to in the Complaint or Plaintiff's exhibits.



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Spokane, Washington 99201-0300
Phone: 509.624.5265 Fax: 509.458.2728

nonjudicial foreclosure (which *Lucero* never discusses) and states that Wells Fargo committed the same breach in *Lucero* when Wells Fargo was not a party to or mentioned in that case except in citations to other cases.

Because the fees and expenses were incurred solely and wholly due to Plaintiff's breach of the Deed of Trust and permissible under the terms of the Deed of Trust and the DTA, the sixth cause of action seeking damages for a breach of the Deed of Trust against Wells Fargo should be dismissed.

**F. <u>Plaintiff's Seventh and Ninth Claims for Negligence Should Be Dismissed as a Matter of Law.</u>[5]**

Plaintiff's Complaint alleges that Defendants owed him a "duty of care as generally prescribed by RESPA" and that Defendants breached that duty by failing to provide an escrow analysis and failing to verify amounts owed when Nationstar undertook servicing. As escrow statements were not due and on-boarding servicing of the loan occurred beyond the statute of limitations, Plaintiff for the first time claims that Nationstar breached a duty to negotiate or process a loan modification. Plaintiff fails to cite to any paragraph in the Complaint that alleges that Nationstar had a duty or breached a duty with regard to negotiating or processing a loan modification. In fact, the modification is not mentioned anywhere in the seventh cause of action which specifically states that "Nationstar breached this duty by failing to verify loan information possessed by the prior services when it onboarded the Loan." (*Compl.* ¶ 74). The sudden insertion of a claim for negligent modification should be dismissed as it is not contained in the Complaint.

As stated above, Plaintiff now claims that the statement in paragraph 42 of the Complaint (that Nationstar as servicer had a duty in January 2014) did not mean that Nationstar became servicer in January 2014. But *Plaintiff fails to affirmatively state the date that Nationstar became servicer.*

---

[5] Plaintiff incorrectly refers to these as Count Six and Eight.



WITHERSPOON•KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

Plaintiff intentionally withholds the date that Nationstar began servicing the Loan from this Court because Plaintiff knows that the statute of limitations is fatal to his claim.

Instead of being candid, Plaintiff skirts around the issue by claiming the Complaint was not alleging that Nationstar negligently on-boarded the loan (even though expressly stated in the negligence cause of action and quoted *supra*). Now Plaintiff says he was alleging "acts and omissions occurring in 2016 and 2017." (*Opp. page 10).* Plaintiff's protestations are inadequate to restore the statute of limitations for any conduct, omissions or fees assessed that occurred prior to September 11, 2014, which are barred as a matter of law.

Further, as set forth above and in the Motion, the conduct alleged does not violate the statutes and is insufficient to support a negligence claim. With the exception of a newly-created modification claim, none of the allegations allege any conduct beyond contractual duties to service the Loan and do not trigger any tort duty of care to support a claim of negligence.

Plaintiff does not contest that the damages purported to be caused by Defendants' alleged negligence in fact flow directly from Plaintiff's ongoing default. Plaintiff does not disagree that the Defendants are seeking to foreclose on the Property for which the fees, interest, principal, etc. would be limited to the foreclosure of the Property rather than a money judgment against Plaintiff. Accordingly, Plaintiff concedes that the damages and proximate cause prongs of the negligence claims against Nationstar and derivatively against Wells Fargo are not satisfied necessitating dismissal of the 7th and 9th causes of action.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 17th day of November, 2017.

WITHERSPOON · KELLEY

By: *s/ Michael J. Kapaun*
Michael J. Kapaun, WSBA # 36864
Steven J. Dixson, WSBA # 38101



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Phone: 509.624.5265
Spokane, Washington 99201-0300 Fax: 509.458.2728

422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
E-mail: mjk@witherspoonkelley.com
E-mail: sjd@witherspoonkelley.com
*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., as Trustee For Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2017,

1. I caused to be electronically filed the foregoing DEFENDANT NATIONSTAR MORTGAGE LLC and WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Vicente Omar Barraza
BARRAZA LAW PLLC
14245-F AMBAUM BLVD SW
BURIEN, WA 98166
omar@barrazalaw.com
*Attorney for Plaintiff*

Robert W. McDonald
108 1st Ave S. Suite 202
Seattle, WA 98104
rmcdonald@qualityloan.com
*Attorney for Defendant Quality Loan Service Corporation of Washington*

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below: None

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: None.

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: None.

*s/ Michael J. Kapaun*
Michael J. Kapaun, WSBA # 36864



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Phone: 509.624.5265
Spokane, Washington 99201-0300 Fax: 509.458.2728